NO. 07-08-0177-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 30, 2009

______________________________

IN RE RONNIE GENE LONG, RELATOR,
_________________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER
Â Â Â Â Â Â Â Â Â Â On June 26, 2009, this Court received correspondence from relator, Ronnie Gene
Long, that appears to complain that relator believes that he was misled by certain alleged
communications between himself and his appointed counsel in cause numbers 07-07-0420-CR, 07-07-0421-CR, and 07-07-0422-CR. This Court dismissed the present original
proceeding on May 20, 2008. See In re Long, No. 07-08-0177-CV, 2008 Tex.App. LEXIS
3620 (Tex.App.âAmarillo May 20, 2008, orig. proceeding). We construe relatorâs June 26,
2009 correspondence to constitute a motion for rehearing of this Courtâs May 20, 2008
dismissal. As such, we deny the motion as untimely filed. See Tex. R. App. P. 49.1. 
Â Â Â Â Â Â Â Â Â Â However, in this correspondence, relator makes passing reference to a potential
dispute regarding the timing that certain actions occurred in the criminal causes identified
above. To the extent that relator is attempting to resuscitate those causes, which this
Court dismissed for want of jurisdiction on November 29, 2007, see Long v. State, Nos. 07-07-0420-CR, 07-07-0421-CR, 07-07-0422-CR, 2007 Tex.App. LEXIS 9374
(Tex.App.âAmarillo Nov. 29, 2007) (not designated for publication), we are without
authority to do so. See Tex. Code Crim. Proc. Ann. art. 11.07, Â§ 3 (Vernon Supp. 2008).
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam



dence in the outcome of the trial. And, we not only treat that matter
as a question of law but also resolve it de novo. See Rivera v. State, 89 S.W.3d at 59
(stating that generally the question of whether a reasonable probability exists that DNA
tests would prove innocence is an application of the law that does not turn on credibility or
demeanor of a witness). 

 Here, the post conviction test revealed the DNA profile from the "sperm fraction of
the semen on the [victim's] panties [to be] consistent with a mixture of [appellant] and [the
victim]." And, though there were additional findings that another potential contributor to the
sperm fraction existed, appellant nonetheless could not be excluded "as the contributor of
the major component of the semen on the panties." Further, the probability that someone
other than appellant contributed the major component of semen was "approximately 1 in
8.913 trillion for Caucasians, 1 in 73.05 trillion for Blacks, [and] 1 in 466.2 billion for
Hispanics." The approximate population of the world, according to the test report, was only
6.3 billion. Given that appellant's semen was found in the victim's panties and that the
odds of someone other than appellant being the major contributor of that semen exceeded
the world population, we cannot say that the test created a probability of innocence
sufficient to undermine confidence in the outcome of the trial. 

 Accordingly, the order of the trial court is affirmed.


 Brian Quinn 

 Justice 


Publish.

 

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2004).